IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| T-M VACUUM PRODUCTS, INC., | § |
| | § |
| PLAINTIFFS | § |
| | §   CIVIL ACTION NO. 11-947 |
| JOHN B. BERRY and wife, | § |
| PATRICIA P. BERRY, | § |
| | § |
| DEFENDANTS | § |

## COMPLAINT

Plaintiff T-M Vacuum Products, Inc. complains of and against Defendants John B. Berry and wife, Patricia P. Berry, and respectfully states:

### Introduction and Summary of Complaint

1. This lawsuit asserts claims in fraud and fraudulent inducement arising in connection with a three-party transaction in which Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") specially manufactured and sold commercial furnaces to a Kazakh mining company, Ulba Metallurgical Plant Joint Stock Company ("Ulba"), the purchase being financed through a lease with TAISC, Inc., d/b/a GlobaLease Solutions ("GlobaLease") in Houston. GlobaLease failed to pay T-M Vacuum the full purchase price for the furnaces, and a judgment has been rendered against GlobaLease for sums due.

2. GlobaLease is owned by Defendants John B. Berry and his wife, Patricia P. Berry. If GlobaLease had failed and could not pay T-M Vacuum for legitimate business reasons, T-M Vacuum would have no claim against the Berrys personally. But that is not what occurred. Instead,

1

GlobaLease is nothing but an empty shell, used to defraud T-M Vacuum by collecting lease payments on the furnaces without paying T-M Vacuum for manufacturing the furnaces. GlobaLease's own financial records demonstrate that lease payments were used for personal expenses including food, clothing and even the Berrys' home mortgage, as well as a substantial salary for Mr. Berry, leaving GlobaLease insolvent and unable to pay T-M Vacuum. The conduct of GlobaLease is a textbook example of corporate fraud and fraudulent transfers for which Mr. and Mrs. Berry and his wife are fully responsible.

3. A lawsuit based on the same allegations was previously filed under Civil Action No. 09-00095 in this Court. That lawsuit was settled pursuant to an agreement that included a payment over time pursuant to a promissory note executed by Mr. and Mrs. Berry. The agreement provided that no release would be given, and thus the claims asserted herein could again be asserted, if the Berrys defaulted. Mr. and Mrs. Berry have indeed defaulted in payment of the note, hence this lawsuit is filed to recover all damages less payments actually made per the settlement. In addition, T-M Vacuum seeks recovery of amounts owed on the promissory note.

## The Parties

4. Plaintiff, T-M Vacuum Products, Inc., is a New Jersey corporation with its principal place of business in Cinnaminson, New Jersey.

5. Defendant John B. Berry is an individual who resides in Harris County, Texas. Mr. Berry may be served with process at his residence, 3714 Chevy Chase Dr., Houston, Texas 77019, or wherever he may be found.

6. Defendant Patricia P. Berry is an individual who resides in Harris County, Texas. Mrs. Berry may be served with process at her residence, 3714 Chevy Chase Dr., Houston, Texas

77019, or wherever she may be found.

## Jurisdiction and Venue

7.     The Plaintiff is a citizen of New Jersey and the Defendants are citizens of Texas, and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs. This Court accordingly has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

8.     The claims asserted in this Complaint arise out of transactions and occurrences within the Southern District of Texas. In addition, the Defendants are subject to personal jurisdiction in this District. Venue is therefore proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3).

## The Facts

9.     T-M Vacuum is a commercial manufacturing company. T-M Vacuum designs and manufactures products including vacuum furnaces, vacuum ovens and environmental chambers, which are used in heavy industries including mining.

10.    T-M Vacuum entered into an agreement to specially manufacture and sell certain vacuum furnaces to Ulba for a purchase price of US$3,160,017.00. The agreement is contained in that certain Purchase Contract No. 31-09-05/1176 dated October 28, 2005, together with Supplementary Agreement Nos. 1, 2 and 3 (the "Purchase Contract").

11.    In order to purchase the furnaces, Ulba required financing. GlobaLease offered to provide that financing through a lease transaction, under which GlobaLease would purchase the furnaces from T-M Vacuum and lease them to Ulba, the lease payments being used to pay the purchase price to T-M Vacuum. T-M Vacuum agreed to accept payment of the purchase price in installments, the payments to begin immediately (as the funds were needed to pay for construction of the furnaces) and to continue through completion and delivery of the furnaces. The lease

payments were calculated at amounts sufficient to pay the installments owed to T-M Vacuum plus a financing profit for GlobaLease.

12.     This arrangement was agreed upon by the three parties and was documented in two related agreements.  Ulba leased the furnaces from GlobaLease pursuant to that certain Cross Border Equipment Lease Agreement No. 05-465402 ("Lease Agreement"), dated October 25, 2005.  GlobaLease and T-M Vaccum also signed that certain Consent and Agreement, dated as of October 29, 2005, pursuant to which GlobaLease assumed Ulba's obligations under the Purchase Agreement.

13.     Ulba has honored the Lease Agreement to the letter, making every payment that has thus far come due.  And GlobaLease did make some of the payments owed to T-M Vacuum under the Purchase Agreement.  But when T-M Vacuum completed its work and delivered the second of the two furnaces, GlobaLease ceased making payments due under the Purchase Agreement.  Specifically, GlobaLease failed and refused to pay the installments due to T-M Vacuum in December 2006 through October 2007, in the total amount of $621,439.00.

14.     Following GlobaLease's default, T-M Vacuum filed a lawsuit in this District styled *T-M Vacuum Products, Inc. v. TAISC, Inc., d/b/a GlobaLease Solutions*, Civil Action No. 07-4108 in the United States District Court for the Southern District of Texas (the "GlobaLease Lawsuit").  On May 15, 2008, the Court granted summary judgment in favor of T-M Vacuum and against GlobaLease.  On July 16, 2008, the Court entered Final Judgment against T-M Vacuum for the unpaid balance, $621,439.00, together with pre-judgment and post-judgment interest.  Pursuant to a Memorandum and Order dated August 28, 2008, the Court awarded attorney's fees as well.

15.     When GlobaLease failed to pay or supercede the judgment, T-M Vacuum took post-judgment discovery including requests for production of GlobaLease's bank statements and other

business records.  It was only then that T-M Vacuum learned what GlobaLease and the Berrys had been doing while T-M Vacuum was building and delivering the furnaces to Ulba.

16. To begin with, GlobaLease had collected the initial three payments from Ulba, totaling roughly $1,270,000.  GlobaLease then sold and assigned the remaining lease receivables to its bank, Wells Fargo, at a discount. In exchange for the remaining lease payments, which would total more than $2,250,000, GlobaLease received cash consideration of roughly $1,883,000.  In other words, GlobaLease quickly collected the entire consideration owed under the Lease Agreement, not only by collecting the initial Ulba payments but also by selling the remaining payments at a discount.

17. The sale of the lease receivables immediately impaired GlobaLease's ability to honor its obligations to T-M Vacuum.  Because the price was calculated on an 8% discount rate, GlobaLease received roughly $376,000 *less* on the sale than it would have received by collecting the lease payments as they came due.  Of course, this financing loss would have been recouped if GlobaLease could have earned an 8% or greater return on the cash consideration pending the due dates on installments owed to T-M Vacuum.  But GlobaLease had no such earnings in prospect.  On the contrary, GlobaLease deposited the proceeds in a bank checking account that earned only minimal interest.

18. Having liquidated the full consideration to be received under the Lease Agreement, GlobaLease immediately began a personal spending spree for its owners, Mr. and Mrs. Berry.  Over the period from December 2005 to April 2007, GlobaLease paid more than $400,000 in personal expenses and disbursements for Mr. and Mrs. Berry.  These included cash transfers and ATM withdrawals, payments on the Berrys' home mortgage, and even payments to restaurants, men's and

women's clothing stores and other retail outlets.

19. Among these personal expenses were payments totaling more than $97,000 on the mortgage on the Berrys' residence, a mansion located in the River Oaks subdivision, 3714 Chevy Chase Dr., Houston, Texas 77019.

20. In addition to this extended personal spending spree, GlobaLease paid a salary of $210,000 to Mr. Berry in 2006. GlobaLease paid this salary although GlobaLease had no ongoing business and earned no income in the period from late 2005 through 2007. In addition to this salary, Mr. Berry contends that at least some of the personal expense payments and transfers described above were made in repayment of debts allegedly owed to him personally.

21. At all times relevant to this lawsuit, GlobaLease had no assets or business other than the T-M Vacuum/Ulba transaction. The Berrys' personal spending spree and the payment of a "salary" to Mr. Berry therefore left GlobaLease unable to pay the balance owed to T-M Vacuum for producing and delivering the furnaces to Ulba.

22. After obtaining the judgment in the GlobaLease Lawsuit, T-M Vacuum filed a lawsuit against Mr. and Mrs. Berry styled T-M Vacuum Products, Inc. v. John B. Berry and wife, Patricia P. Berry, Civil Action No. 09-00095 in the United States District Court for the Southern District of Texas (the "Prior Berry Lawsuit").

23. The Prior Berry Lawsuit was dismissed without prejudice pursuant to a Settlement Agreement dated February 1, 2010. Pursuant to the Settlement Agreement, Mr. and Mrs. Berry executed a Promissory Noted dated February 1, 2010, in the original principal amount of $250,000.00. The Berrys made some payments on this Note, but ultimately defaulted. After due notice, the Note was accelerated by letter dated January 6, 2011. The principal balance of the Note

is $218,548.68 and interest is accruing thereon from November 1, 2010, at the rate of eight percent (8%) per annum together with late fees.

24.     Pursuant to the terms of the Settlement Agreement, the Berrys would have received a release of the claims asserted in the Prior Berry Lawsuit if the Note had been paid in accordance with its terms. Since the Note was not thus paid, T-M Vacuum's claims against the Berrys have not been released.

### First Cause of Action: Common Law Fraud

25.     Mr. Berry induced T-M Vacuum into the above-described transactions, and further induced T-M Vacuum to continue its extensive work to produce the furnaces for Ulba throughout 2006 and into 2007, by false and fraudulent representations. In GlobaLease's internet advertising and in discussions with T-M Vacuum personnel, Mr. Berry represented that GlobaLease was an experienced, successful provider of financing in international sales transactions. In hindsight, this was clearly not true.

26.     Mr. Berry likewise failed to disclose material facts, namely:

- that GlobaLease had no business or assets other than the T-M Vacuum/Ulba transaction;

- that GlobaLease quickly sold the lease receivables at a discount;

- that GlobaLease then used the Ulba lease proceeds for the payment of personal expenses for Mr. and Mrs. Berry, including their home mortgage;

- that GlobaLease paid a salary of $210,000 to Mr. Berry, also out of the Ulba lease proceeds, at a time that GlobaLease had no other ongoing business and no income; and

- that as a result of these transactions, GlobaLease would not have sufficient funds to pay the full amount owed to T-M Vacuum under the Purchase Agreement.

27.     Based on the foregoing misstatements and omissions, it is now apparent that at the time Mr. Berry induced T-M Vacuum into this transaction, and during the many months that T-M Vacuum was toiling to produce the vacuums for Ulba, Mr. Berry knew that GlobaLease could not and would not pay the full purchase price for the furnaces.  Mr. Berry did not disclose to T-M Vacuum his true intent, namely, that he intended to use a large portion of the lease proceeds for personal purposes, leaving insufficient funds to pay the contract balance.

28.     T-M Vacuum reasonably relied on these false and fraudulent representations and omissions.  T-M Vacuum would not have produced the furnaces, at substantial cost and effort, had it known that GlobaLease and the Berrys were using the lease proceeds for personal expenses and that GlobaLease would be left without sufficient funds to pay T-M Vacuum.

29.     T-M Vacuum has suffered substantial damages as a result of Mr. Berry's fraud, namely the loss of the unpaid portion of the purchase price for the furnaces, $621,439.00.  The Berrys are entitled to a credit for amounts paid pursuant to the above-described Settlement Agreement, which amounts total $145,621.90.  After crediting all such payments, T-M Vacuum's actual damages total $475,817.10.  T-M Vacuum is entitled to recover these damages from Mr. Berry, who perpetrated the fraud, and from Mrs. Berry, who with her husband received and benefitted from the fruits of the fraud.

30.     T-M Vacuum furthermore requests an award of exemplary damages against Mr. Berry in an amount to be determined by the trier of fact.

### Second Cause of Action: Recovery of Fraudulent Transfers

31.     Each of the above-described payments to or for Mr. and Mrs. Berry and all of the above-described salary payments and alleged repayments of debt to Mr. Berry was made with actual

intent to hinder, delay or defraud one or more creditors, including T-M Vacuum. Each of those payments is thus fraudulent under the Uniform Fraudulent Transfer Act, Tex.Bus.&Com.Code §24.005(a)(1).

32. Each of the above-above-described payments to or for Mr. and Mrs. Berry and all of the above-described salary payments and alleged repayments of debt to Mr. Berry was made without receiving reasonably equivalent value at a time when GlobaLease was engaged in a transaction for which its remaining assets would be unreasonably small. Each of those payments is thus fraudulent under the Uniform Fraudulent Transfer Act, Tex.Bus.&Com.Code §24.005(a)(2).

33. Each of the above-above-described payments to or for Mr. and Mrs. Berry and all of the above-described salary payments and repayments of debt to Mr. Berry was made without receiving reasonably equivalent value at a time when GlobaLease was insolvent or would become insolvent as a result of the payments. Each of those payments is thus fraudulent under the Uniform Fraudulent Transfer Act, Tex.Bus.&Com.Code §24.006.

34. Pursuant to Tex.Bus.&Com.Code §24.008, T-M Vacuum is entitled to judgment avoiding each fraudulent transfer and awarding damages in the total amount of those transfers against the recipients or beneficiaries of the transfers, namely Mr. and Mrs. Berry.

**Third Cause of Action: Imposition of a Constructive Trust on the Berrys' Residence**

35. Mr. and Mrs. Berry own and reside in the residence located at 3714 Chevy Chase Dr., Houston, Texas 77019, more particularly described as Lot 24 and Tract 25A, in Block 83, River Oaks, Section 11, a Subdivision in Harris County, Texas.

36. As described above, funds totaling more than $97,000 were fraudulently disbursed by GlobaLease for the payment of the mortgage on the Berrys' residence.

37. As a remedy for common law fraud, and also as a remedy for the above-described fraudulent transfers, pursuant to Tex.Bus.&Com.Code §24.008, T-M Vacuum is entitled to the imposition of a constructive trust and equitable lien on the Berrys' residence in the amount of the funds fraudulently diverted to payment of the Berrys' mortgage.

### Fourth Cause of Action: Recovery on Promissory Note

38. T-M Vacuum is entitled to recover all amounts due and owing on the above-described Promissory Note, including the principal balance of $218,548.68, accrued interest, and late fees.

39. T-M Vacuum has made written demand on the Berrys for payment of the Promissory Note. The Berrys have failed and refused to pay the Note, and as a result, T-M Vacuum has found it necessary to retain the undersigned attorneys to file this lawsuit. T-M Vacuum is entitled to recover its reasonable and necessary attorneys fees pursuant to the Note and Tex.Civ.Prac.&Rem.Code §38.001 *et seq*.

WHEREFORE, Plaintiff T-M Vacuum Products, Inc. prays that Defendants John B. Berry and wife, Patricia P. Berry, be served with citation and be required to appear herein; that, upon final hearing or trial, Plaintiff have judgment of and against said Defendants, jointly and severally, for all actual damages described above, together with pre-judgment interest, post-judgment interest, exemplary damages, attorney's fees and costs of court; that Plaintiff furthermore have judgment for a constructive trust and equitable lien as described above; and that Plaintiff have such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ H. Miles Cohn
H. Miles Cohn
Texas Bar No. 04509600
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney Street, Suite 1400
Houston, Texas  77002-6420
Telephone: (713) 374-7020
Facsimile: (713) 374-7049
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:

Michelle V. Friery
Texas Bar No. 24040934
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney St., Suite 1400
Houston, Texas 77002-6420
Telephone: (713) 374-7020
Facsimile: (713) 374-7049
**ATTORNEYS FOR PLAINTIFF**

H:\HMC\T-M\Berry.Second\Complaint.wpd