IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
APR 0 7 2011
David J. Bradley, Clerk of Court

| | |
|---|---|
| T-M VACUUM PRODUCTS, INC. § | |
| § | |
| PLAINTIFF § | |
| § | CIVIL ACTION NO: 11-947 |
| § | |
| § | |
| § | |
| JOHN B. BERRY and wife § | |
| PATRICIA P. BERRY § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, John B. Berry and Patricia P. Berry, file this Original Answer to Plaintiff's Complaint and in support thereof show as follows:

### A. Specific Admissions and Denials

1. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry admits the allegations in paragraph 1 of Plaintiff's Complaint.

2. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry admits that some funds were used for personal expenses as alleged in paragraph 2 of Plaintiff's Complaint. John B. Berry denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in paragraph 6 of Plaintiff's Complaint.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in regarding Plaintiff's status as a citizen of New Jersey in paragraph 7 of Plaintiff's Complaint. John B. Berry admits the remaining allegations in paragraph 7 of Plaintiff's Complaint. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

8. Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

9. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry admits the allegations in paragraph 9 of Plaintiff's Complaint.

10. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry denies that GlobaLease was a party to Supplementary Agreement 2 or 3. John B. Berry admits the balance of the allegations in paragraph 10 of Plaintiff's Complaint.

11. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry denies that Ulba required financing to purchase the financing. John B. Berry admits the balance of the allegations in paragraph 11 of Plaintiff's Complaint.

12. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry admits the allegations in paragraph 12 of Plaintiff's Complaint but that GlobaLease also assumed the rights of Ulba under the Purchase Agreement.

13. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry denies that Ulba honored the Letter Agreement to the letter. John B. Berry admits that Ulba did make payments under Lease Agreement. John B. Berry admits that GlobaLease did make some of the payments to T-M Vacuum. John B. Berry denies the allegation that GlobaLease ceased making payments when T-M Vacuum completed its work and delivered the second of the two furnaces in paragraph 13 of Plaintiff's Complaint. John B. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations of the monetary amount that GlobaLease failed to pay in paragraph 13 of Plaintiff's Complaint.

14. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations of dates and amounts in paragraph 14 of Plaintiff's Complaint. John B. Berry admits the remaining allegations in paragraph 14 of Plaintiff's Complaint.

15. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence in paragraph 15 of Plaintiff's Complaint. John B. Berry admits the remaining allegations in paragraph 15 of Plaintiff's Complaint.

16. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry denies the first two sentences of paragraph 16. John B. Berry denies the allegations in the third sentence that

GlobaLease assigned all of the remaining lease payments. John B. Berry admits that GlobaLease assigned some of the remaining lease receivables to Wells Fargo totaling approximately $2,250,000 and that it received approximately $1,883,000. John B. Berry denies the last sentence of paragraph 16.

17. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry denies the allegations in paragraph 17.

18. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry denies the allegations in the first sentence in paragraph 18 of Plaintiff's Complaint. John B. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in paragraph 18 of Plaintiff's Complaint and the allegations regarding dates and monetary amount in the second sentence in paragraph 18 of Plaintiff's Complaint. John B. Berry admits the remaining allegations in paragraph 18 of Plaintiff's Complaint.

19. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the monetary amount in paragraph 19 of Plaintiff's Complaint. John B. Berry admits the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry denies the allegation that they engaged in an extended personal spending spree in paragraph 20 of Plaintiff's

4

Complaint. John B. Berry denies the second paragraph of paragraph 20. John B. Berry admits the remaining allegations in paragraph 20 of Plaintiff's Complaint.

  21. Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint.

  22. Defendants admit the allegations in paragraph 22 of Plaintiff's Complaint.

  23. Defendants admit the allegations in paragraph 23 of Plaintiff's Complaint.

  24. Defendants admit the allegations in paragraph 24 of Plaintiff's Complaint.

  25. Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint.

  26. Defendants deny they had a duty to disclose such information and Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint.

  27. Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

  28. Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

  29. Patricia P. Berry lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. John B. Berry admits the allegation that they are entitled to a credit. John B. Berry denies the remaining allegations in paragraph 29 of Plaintiff's Complaint.

  30. Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.

  31. Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

  32. Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

  33. Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

  34. Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

  35. Defendants admit the allegations in paragraph 35 of Plaintiff's Complaint.

  36. Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendants admit to failing to perform obligations under the Note as alleged in paragraph 38 of Plaintiff's Complaint. Defendants deny the remaining allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants admit the allegations regarding the written demand and the failure to pay the Note in paragraph 39 of Plaintiff's Complaint. Defendants deny the remaining allegations in paragraph 39 of Plaintiff's Complaint.

## B. Affirmative Defenses

40. Plaintiff's claims and causes of action are barred by the doctrine of laches. Plaintiff has unreasonably delayed filing of this suit and Defendants have changed their position in good faith to their detriment because of the delay.

41. Plaintiff's claims and causes of action are barred by its failure to mitigate. Plaintiff has unreasonably delayed the filing of this suit and its damages have escalated due to its failure to exercise ordinary care in pursuing its claims.

42. Plaintiff's claims and causes of action are barred by the affirmative defenses of waiver and estoppel. Plaintiff is estopped from pursuing its claims due to unreasonably delaying the filing of this suit and escalating its damages by its failure to exercise ordinary care.

## C. Prayer

For these reasons, Defendants John B. Berry and Patricia P. Berry respectfully request the Court enter a take nothing judgment against Plaintiff T-M Vacuum Products,

Inc. Defendants further request all other relief, at law and in equity, to which they are justly entitled.

Respectfully submitted,

William W. Rucker
Attorney-in-Charge
TBA No. 17366500
Federal ID No. 3669
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone: 713-528-2800
Facsimile: 713-528-5011
Email: rucker@wwrucker.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 7th, 2011 a true and correct copy of this instrument was served on counsel of record via facsimile, email, or certified mail, return receipt requested.

H. Miles Cohn
Michelle V. Friery
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney Street, Ste. 1400
Houston, Texas 77002-6420

William W. Rucker

7