IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § § § | |
| PLAINTIFFS | § § | CIVIL ACTION NO. 11-00947 |
| VS. | § § | CIVIL |
| JOHN B. BERRY and wife, PATRICIA P. BERRY, | § § § § | NON-JURY |
| DEFENDANTS | § § | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") moves for summary judgment, pursuant to Fed.R.Civ.P. 56, and respectfully states:

1.  This motion is supported by the Declaration of Fred T. Stuffer, the President of T-M Vacuum, regarding the facts giving rise to T-M Vacuum's claim, and the Declaration of H. Miles Cohn, the undersigned attorney, regarding attorney's fees. The Stuffer and Cohn Declarations are attached hereto as Exhibits A and B, respectively, and are incorporated herein by reference.

2.  This lawsuit arises from two prior lawsuits, the first of which resulted in a judgment against TAISC, Inc. and the second of which resulted in a settlement agreement with the owners of TAISC, Inc., namely Defendants John B. Berry and wife, Patricia P. Berry. Pursuant to the settlement, Mr. and Mrs. Berry executed a Promissory Note, on which they have since defaulted. T-M Vacuum now seeks judgment for amounts owed under the note including the principal balance of $218,548.68 together with interest at the note rate of eight percent (8%) per annum, late fees of five percent (5%), and attorney's fees.

1

3. The Promissory Note provides for the recovery of attorney's fees in the event of default. As set forth in the Cohn Declaration, reasonable attorney's fees for collecting the Note, through the submission of this motion, total $5,909.97.

4. As noted above, the agreed rate of interest in the Promissory Note is eight percent (8%) per annum. As the contract rate, this is the rate at which interest should also accrue post-judgment. *See* Tex.Fin.Code §304.002.

5. Pursuant to the Settlement Agreement, T-M Vacuum is not limited to recovery of the Promissory Note in the event of the Berrys' default, but may also seek recovery of its damage claims less amounts actually paid per the settlement. However, T-M Vacuum is electing not to pursue its claims other than recovery of amounts owed on the note. Accordingly, the proposed judgment submitted with this motion would only award amounts owed on the note; so that a judgment in that amount will become final, the proposed judgment denies all other claims that T-M Vacuum may be entitled to pursue.

WHEREFORE, Plaintiff T-M Vacuum Products, Inc. prays that the Court grant summary judgment, pursuant to Fed.R.Civ.P. 56, for amounts owed under the above-described Promissory Note including prejudgment interest, late fees, attorney's fees, and post-judgment interest at the note rate on all sums awarded.

Respectfully submitted,

/s/ H. Miles Cohn
H. Miles Cohn
Texas Bar No. 04509600
1001 McKinney Street, Suite 1400
Houston, Texas  77002-6420
Telephone: (713) 374-7020
Facsimile: (713) 374-7049
**ATTORNEY-IN-CHARGE FOR T-M VACUUM PRODUCTS, INC., PLAINTIFF/COUNTER-DEFENDANT**

OF COUNSEL:

Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney St., Suite 1400
Houston, Texas 77002-6420
Telephone: (713) 374-7020
Facsimile: (713) 374-7049
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff's Motion for Summary Judgment has been forwarded, ECF electronic service and by facsimile, this the 24th day of August, 2011, to Defendants' attorney of record:

William W. Rucker, Jr.
3355 West Alabama, Suite 825
Houston, Texas 77098
Facsimile (713) 528-5011

/s/ H. Miles Cohn
H. Miles Cohn