IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-11-947 |
| | § | |
| JOHN B. BERRY *and wife*, | § | |
| PATRICIA P. BERRY | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment (Document No. 16). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") filed the pending lawsuit against Defendants John B. Berry and Patricia P. Berry ("Berry Defendants") on March 15, 2011. The current lawsuit arises from an underlying business transaction and two prior lawsuits.

*A.   The Initial Business Transaction*

T-M Vacuum is a commercial manufacturing company. In 2005, T-M Vacuum sold specially manufactured commercial vacuum furnaces to a Kazakh mining company, Ulba Metallurgical Plant Joint Stock Company ("Ulba"), the purchase being

financed through a lease with the Berry Defendants' entity, TAISC, Inc. d/b/a GlobalLease Solutions ("GlobaLease"). GlobaLease provided financing through a lease transaction, under which GlobaLease purchased the furnaces from T-M Vacuum and leased them to Ulba, the lease payments being used to pay the purchase price to T-M Vacuum, which had agreed to accept payment of the purchase price in installments. GlobaLease calculated Ulba's lease payments at an amount sufficient to pay the purchase price installments to T-M Vacuum and retain a financing profit. This three-party agreement was memorialized in two contracts: (1) the Lease Agreement between Ulba and GlobaLease; and (2) the Consent and Agreement between GlobaLease and T-M Vacuum, whereby GlobaLease assumed responsibility of payment to T-M Vacuum under the original purchase agreement. Ulba made all lease payments to GlobaLease as required by the Lease Agreement. Nonetheless, after T-M Vacuum delivered the second of two furnaces, GlobaLease stopped making payments under the Consent and Agreement and refused to pay T-M Vacuum the remaining installments due, totaling $621,439.00.

B.    *The First Lawsuit*

Following GlobaLease's default, T-M Vacuum filed a breach of contract lawsuit against GlobaLease, seeking the unpaid balance and attorney's fees.[1]   The court

---

[1] *T-M Vacuum Products, Inc. v. TAISC,, Inc. d/b/a GlobaLease Solutions*, Civ. Action No. 07-4108 (S.D.Tex.) (Rosenthal, J.).

granted summary judgment in favor of T-M Vacuum, issuing a final judgment against GlobaLease for damages equivalent to the unpaid balance, interest accrued under the note prior to this judgment, and postjudgment interest.[2]   The court also ordered the payment of attorney's fees.[3]   When GlobaLease failed to pay or supercede the judgment, T-M Vacuum began postjudgment discovery, including requests for production of GlobaLease's bank statements and other business records. T-M Vacuum claims that, through discovery, it learned that the individual owners of GlobaLease, the Berry Defendants, were improperly using GlobaLease funds for personal expenses and distributions.

C.   *The Second Lawsuit*

Based on this newly discovered information, T-M Vacuum filed a lawsuit against the Berry Defendants, Mr. and Mrs. Berry personally, alleging fraud and seeking recovery of fraudulent transfers under the Texas Uniform Fraudulent Transfer Act.[4]   This lawsuit was dismissed without prejudice pursuant to a settlement agreement (the "Settlement Agreement") between the parties.[5]   Pursuant to the

---

[2] *Id.* at Document Nos. 37 & 38 (*Memorandum and Opinion* and *Final Judgment*).

[3] *Id.* at Document No. 43 (*Memorandum and Opinion*).

[4] *T-M Vacuum Products, Inc. v. John B. Berry and wife, Patricia P. Berry*, Civil Action No. 09-0095 (S.D. Tex.) (Hoyt, J.).

[5] *Id.* at Document No. 61 (*Order of Dismissal on Settlement Announcement*).

3

Settlement Agreement, the Berry Defendants executed a promissory note (the "Note") in the original principal amount of $250,000.00. The Berry Defendants made some payments on the Note, but ultimately defaulted. After giving notice of default, the Note was accelerated by letter dated January 6, 2011. The principal balance of the Note owed and remaining is $218,548.68, with interest accruing at the rate of eight percent per annum. Pursuant to the terms of the Settlement Agreement, T-M Vacuum was obligated to release all claims against the Berry Defendants if the Note was satisfied in full. However, the Settlement Agreement also contemplated default:

> If the Note is not paid in full in accordance with its terms, (i) this release shall be null and void and T-M Vacuum shall be entitled to assert all of the above-described claims against the Berrys, giving credit for all amounts paid under this Settlement Agreement; and (ii) all applicable statues of limitation and statutes of repose shall be tolled for the period from the date on which the Berry Lawsuit was filed to the date on which the Berrys default in payment of the Note.[6]

Based on this provision, T-M Vacuum filed suit against the Berry Defendants again.

D.    *The Third and Current Lawsuit*

The current lawsuit reasserts the claims made by T-M Vacuum in the second lawsuit. In addition, however, this lawsuit also seeks recovery on the Note, including payment of the principal balance, accrued interest, late fees, and attorney's fees. Now, T-M Vacuum moves for summary judgment on the recovery sought under the Note. The

_____

[6] *Motion for Summary Judgment*, Document No. 16, Exhibit A (Attachment 1) at 6 (*Settlement Agreement*).

4

Berry Defendants have failed to file a timely response. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See also* FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted). But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the

plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence that may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Rule 56(e) requires the party against whom a summary judgment motion is made to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Absent such a response, a properly supported motion for summary judgment should be granted. *Eversly v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## III.  LAW & ANALYSIS

Texas courts have specifically laid out the necessary elements that must be proven to obtain summary judgment on a default of a promissory note claim:

> To prevail on a motion for summary judgment to enforce a promissory note, a plaintiff must establish that (1) a note exists, (2) the plaintiff is the legal owner and holder of the note, (3) the defendant is the maker of the note, and (4) a certain balance is due and owing on the note. . . . If

6

no genuine issue of material fact exists as to any of these elements, the plaintiff is entitled to summary judgment as a matter of law.

*Wheeler v. Sec. State Bank, N.A.*, 159 S.W.3d 754, 757 (Tex. App.—Texarkana 2005, no pet.) (internal citations omitted). As summary judgment evidence, T-M Vacuum filed a sworn declaration made by its President, Fred T. Stuffer (the "Stuffer Declaration"), as well as copies of the Note, the Settlement Agreement, the notice of default, and the notice of acceleration.

A.    *Establishing the Elements to Recover on a Promissory Note*

1.    *The Existence of a Note*

"A photocopy of a promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note, is proper summary judgment proof which establishes the existence of the note." *Wheeler*, 159 S.W.3d at 757. T-M Vacuum filed a photocopy of the signed Note attached to Mr. Stuffer's sworn declaration, in which he attests that the attached Note is a "true copy," thereby satisfying the first element.

2.    *Plaintiff Is the Legal Owner and Holder of Note*

The Note itself or an affidavit may contain sufficient evidence to show that the Plaintiff is the legal owner and holder of a promissory note. *See Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 520 (Tex. App.—Dallas 2011, pet. filed) (finding that language within the promissory note was sufficient to show that plaintiff

was holder of the note); *Wheeler*, 159 S.W.3d at 757 (relying on an affiant's statement to show that Plaintiff was the holder of the note). Here, both the Note and the Stuffer Declaration show that T-M Vacuum is the owner and holder of the Note. First, T-M Vacuum was listed as the "Payee" on the Note. Second, in his sworn declaration, Mr. Stuffer states that the Note was made payable to T-M Vacuum. The Berry Defendants have failed to submit any evidence to the contrary, and therefore, this element is established.

### 3.    *Defendant Is the Maker of the Note*

"[T]o prove that the defendant is the maker of the note, the plaintiff must present summary judgment evidence indicating that the defendant's signature appears on the note or that a representative of the defendant signed the note on the defendant's behalf." *Wheeler*, 159 S.W.3d at 757–58. Here, the Note shows the Berry Defendants as the "makers" of the Note, their address is listed as the "makers' mailing address," and each of the Berry Defendants signed the Note. The Berry Defendants present no evidence to the contrary, and therefore, this element is satisfied.

### 4.    *Certain Balance Due and Owing*

Uncontroverted testimony establishing that a certain balance is due and owing will satisfy the fourth and final element. *Affordable Motor Co., Inc.*, 351 S.W.3d at

520; *Wheeler*, 159 S.W.3d at 757.  The Stuffer Declaration filed by T-M Vacuum,

states:

> As of November 1, 2010, when the last payment was made on the Promissory Note, the unpaid principal balance of the Promissory Note was $218,548.68. In accordance with the provisions of the Note, interest accrues on this balance, from November 1, 2010, until paid at the rate of eight percent (8%) per annum. Furthermore, a late fee is due and payable on the entire balance, which is now accelerated and past-due, in the amount of five percent (5%) of the past-due balance of the Note.[7]

The record is devoid of any evidence that contradicts Mr. Stuffer's declaration;

therefore, no question of fact exists, and T-M Vacuum has satisfied the final element.

Based on the submission of this evidence, T-M Vacuum has satisfied the

required four elements as a matter of law.  *See Affordable Motor Co., Inc.*, 351 S.W.3d

at 520 (finding the four elements met as a matter of law).  Having determined that T-M

Vacuum has provided sufficient evidence to prove each element and has thus satisfied

its summary judgment burden, T-M Vacuum is entitled to judgment on the Note as a

matter of law.  *Wheeler*, 159 S.W.3d at 758.

B.    *Recovery Under the Note*

The remaining amount owed on the Note, as set forth in the Stuffer Declaration,

is $218,548.68.  The Note expressly provides for an eight percent per annum interest

---

[7] *Motion for Summary Judgment*, Document No. 16, Exhibit A (Attachment 1) at 2 (*Declaration of Fred T. Stuffer in Support of Plaintiff's Motion for Summary Judgment*).

rate on all unpaid amounts. Therefore, interest has accrued at a rate of eight percent per annum on all amounts owed since the last payment made by the Berry Defendants on November 1, 2010. Moreover, as the contract rate, this is the rate at which interest will accrue postjudgment. TEX. FIN. CODE ANN. § 304.002 (West 2006). In addition to principle and interest, the Note states that "Makers will pay a late charge, in the amount equal to five percent (5%) of the late payment, for each installment that is more than fifteen (15) days after the due date."[8] T-M Vacuum accelerated the Note on January 6, 2011, therefore at this time the entire remaining principal amount is overdue. Accordingly, a late fee of five percent the entire amount owed shall be assessed, equaling $10,927.43.

Finally, the Note provides for the recovery of attorney's fees in the event of default. T-M Vacuum's attorney has filed a sworn declaration (the "Cohn Declaration"), stating that the reasonable attorney's fees for collecting on the Note total $5,909.97. In support, T-M Vacuum attached billing and expense records for all work done prior to filing the pending motion for summary judgment. Those records show 13.4 hours of work done by Miles Cohn, a Partner who has practiced law in Texas since 1981. Mr. Cohn charges $275 per hour, which he has declared to be consistent

---

[8] *Motion for Summary Judgment*, Document No. 16, Exhibit A (Attachment 1) at 12 (*Promissory Note*).

with fees customarily charged in this community. Invoices also show one-half an hour billed by a paralegal at $75 an hour and 1.4 hours billed by an associate at $150 an hour. Another $677.47 was spent on necessary legal expenses.[9]  Finally, although not included in the invoices, Cohn estimates that the preparation of the summary judgment motion would cost approximately $1,300.00.  This would amount to less than five hours of Mr. Cohn's time (4.73 hours), which the Court finds to be a reasonable amount of time for the preparation of this summary judgment motion.  The Court finds that these hourly fees, the time expended, and the expenses incurred are reasonable within the community and therefore, pursuant to the Note should be awarded.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

ORDERS that  Plaintiff's Motion for Summary Judgment (Document No. 16) is GRANTED.  The Court will issue a Final Judgment, detailing the amounts awarded to T-M Vacuum in a separate order.

SIGNED at Houston, Texas, on this *3* day of January, 2012.

DAVID HITTNER
United States District Judge

---

[9] The total amount billed in attorney's fees and related expenses prior to the filing of the pending summary judgment motion was $4,609.97, which consisted of the expenses ($677.47) and billed hourly work ($3,932.50).

11